UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:19-CV-583-DJH

**CLARA RUPLINGER**                                                                                           **PLAINTIFF**

**VS.**

**LOUISVILLE/JEFFERSON COUNTY**
**METRO GOVERNMENT**                                                            **DEFENDANT**

## REPORT AND RECOMMENDATION

Before the Court is the Parties' Joint Motion Pursuant to Settlement Agreement. (DN 51). The Motion requests the Court order destruction of Plaintiff's booking photograph held by Louisville Metro Department of Corrections. The District Judge has referred this Motion to the undersigned United States Magistrate Judge for a report and recommendation. (DN 53).

### I. Background

This action arises from Plaintiff's arrest and booking at Louisville Metro Department of Corrections (LMDC) on July 26, 2018. Plaintiff, a Muslim woman, alleges she was improperly required to remove her headscarf during the booking process, which violated her First Amendment rights, the Religious Land Use and Institutionalized Persons Act, and the Kentucky Religious Freedom Restoration Act. (DN 1-3).

In February of 2021, the District Judge dismissed all Defendants in the case except for Louisville/Jefferson County Metro Government ("Louisville Metro"). (DN 27). In dismissing LMDC, the Court explained "[m]unicipal departments, such as the Louisville Metro Department of Corrections, are not subject to suit under § 1983." (DN 27, at PageID # 187 (citing *Matthews v.*

*Louisville Metro Police Dep't*, No. 3:19-cv-581-RGJ, 2019 U.S. Dist. LEXIS 184648, at *3-4 (W.D. Ky. Oct. 24, 2019) (citing *Rhodes v. McDonald*, 945 F.2d 117, 120 (6th Cir. 1991))). The Court further clarified the claims against LMDC "are properly characterized as claims against Louisville Metro Government." (*Id.* (citing *Smallwood*, 743 F. Supp. at 503)).

In a joint status report filed on July 11, 2022, the parties reported settlement of the case and finalization of a release and related documentation. (DN 50). But the parties requested the action not be dismissed until counsel could file a joint motion to prematurely destroy a mugshot of Plaintiff. (*Id.*). The Parties have now filed their joint motion. (DN 51).

Though admitting "no law exists that expressly instructs this Court" under the circumstances here, the parties submit destruction of the mugshot "is in the interest of justice and serves the purpose of amicably resolving Plaintiff's claims that the mugshot was violative of her religious rights." (*Id.* at PageID # 233). Without a court order, the earliest potential date of destruction for Plaintiff's mugshot would be May 17, 2024, when Plaintiff is eligible for an expungement. (*Id.*); *see* KRS 431.078. If Plaintiff does not seek expungement, LMDC would retain her mugshot for fifty years. (*See* DN 51-1).

To support their request for destruction, the Parties rely on several Kentucky statutes and administrative regulations. First is KRS § 61.878, which permits a court to exempt from public review records of a personal nature where "disclosure would constitute a clearly unwarranted invasion of personal privacy." Next is 725 KAR 1:030(1)(b), a Procedural Guide for the Destruction of Public Records, which relevantly defines "expunge" as "the process of permanently removing or destroying all or parts of a record, usually under a court order." (DN 51-1, at PageID # 237-38). Section 2.1.3 of this guide provides: "In certain instances, Kentucky law allows for the courts, or other administrative bodies to order that records be expunged . . . in most cases, when

the courts order that records be expunged, the agency holding the records can delete all references to the record(s) in question and may legally deny their existence." (*Id.* at PageID # 241-42). Because Plaintiff believes publication and dissemination of her mugshot constitutes an unwarranted invasion of personal and bodily privacy under KRS § 61.878(1)(a), the Parties believe that a court order can supersede Kentucky records retention policies. (DN 51, at PageID # 233).

## II. Analysis

Though no longer a named party, LMDC, the entity in control of the mugshot, is a municipal component of named party Louisville Metro. LMDC, accordingly, is subject to the terms of the settlement agreement Louisville Metro has reached with Plaintiff. Arguably, LMDC has had representation of counsel during the settlement negotiations. Because LMDC is bound by the terms of this agreement, the Court has authority to enter an order effectuating a term of such agreement.

The Court agrees with the Parties that public disclosure of Plaintiffs' mugshot constitutes "a clearly unwarranted invasion of personal privacy" deserving of exemption, pursuant to KRS § 61.878(1)(a). Critically, in negotiating settlement of Plaintiff's claims, Louisville Metro agreed to Plaintiff's characterization of harm from disclosure of her mugshot. Because the parties agree the mugshot violated Plaintiff's religious rights and no public interest in maintaining the mugshot exists, the Court finds ordering destruction of the mugshot is in the best interests of justice and amicable resolution of this lawsuit. The Court, however, notes it is Plaintiff's responsibility to seek expungement of her conviction once eligible in May of 2024.

3

III. Recommendation

Having considered this matter fully and the Court being sufficiently advised, **IT IS TEHREFORE RECOMMENDED** that the Parties' Joint Motion (DN 51) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that LMDC shall destroy Plaintiff's booking photograph.

Regina S. Edwards, Magistrate Judge
United States District Court

August 3, 2022

NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn,* 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies: Counsel of Record